IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------

UNITED STATES OF AMERICA *et al.*,
*ex rel.* TODD HEATH,

        Plaintiffs/Relator,

v.

AT&T, INC., *et al.*,

        Defendants.

---------------------------------------------------

Case No. 11-cv-01897 (RJL)

Judge Richard J. Leon

**FILED**
**APR 2 4 2019**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## STIPULATED PROTECTIVE ORDER

Based on the Joint Motion filed by the parties and the factual representations set forth therein, the Court finds that the exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

IT IS THEREFORE ORDERED THAT, pursuant to Fed. R. Civ. P. 26(c):

(A)    DEFINITION OF DOCUMENTS. For purposes of this Order, the term "documents" shall include any hard copy documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, electronic mail ("e-mail"), text messages, and other data or data

compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

 (B) DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION. Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

  (1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information, including but not limited to customer proprietary network information that a person believes in good faith is subject to the privacy requirements of 47 U.S.C. § 222 or other applicable state or federal laws or regulations.

  (2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information,

documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 14 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

(C)   DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION. Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or other self-regulatory agencies as allowed by law.

(1)   CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

4

(a) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party or, when the party is a government agency, employees of the government required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the

5

parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence by executing the Acknowledgement attached hereto as "Exhibit A." Counsel of record for the parties shall maintain the executed Acknowledgements until sixty days after the conclusion of this litigation, including any appeal.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the

        preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c)    Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence by executing the Acknowledgement attached hereto as "Exhibit A." Counsel of record for the parties shall maintain the executed Acknowledgements until sixty days after the conclusion of this litigation, including any appeal.

7

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

(3) MAINTENANCE OF CONFIDENTIALITY. Except as provided in subparagraph (2) counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(a) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(b) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal

8

information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in LCvR 5.1. If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party. No document filed with the court will remain sealed unless the party claiming that the document contains confidential information shows good cause.

(4)  CHALLENGES TO CONFIDENTIALITY DESIGNATION. A party may challenge the designation of confidentiality by giving written notice to the other party, but the information shall be treated as confidential until such time as the designating party may agree otherwise, or as the Court may otherwise order. The party who designated the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall bear the burden of proving that the information, documents or other material are properly designated as confidential. If the parties are unable to resolve a dispute over a designation of confidentiality within 10 days of notice, any party may file a motion with the Court. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

(5) CONCLUSION OF LITIGATION. Within sixty (60) days after the conclusion of this litigation, including all appeals, any documents and/or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", including copies and originals (except documents in the files of the Court, and except for documents retained in counsel's files, which will continue to be subject to the provisions of this Order, and which were filed in Court, or marked as exhibits at depositions, at trial, or in affidavits, or which contain work product) shall, at the election of the party who designated the documents and/or information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", be certified as destroyed, or returned to the designating party at the designating party's expense.

(6) INADVERTENT OR UNINTENTIONAL PRODUCTION OF PRIVILEGED MATERIAL. The parties agree that the inadvertent or unintentional production of documents or information protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity shall not prejudice the producing party or otherwise constitute a waiver of, or estoppel as to, any applicable claim of privilege or other ground for withholding production. The receiving party will promptly notify the producing party of any inadvertent or unintentional disclosures it discovers. Upon discovery of any inadvertent or unintentional

production of documents or information subject to any privilege or immunity:

(a)  The receiving party shall return or destroy, at the producing party's request (including in situations where the producing party first discovers the inadvertent or unintentional disclosure), all copies of the protected information, shall destroy all notes or other work product reflecting or relying upon the contents of such inadvertently or unintentionally disclosed material, and shall delete any such inadvertently or unintentionally disclosed material from any eDiscovery, litigation-support, or other database;

(b)  In no event will the receiving party use the inadvertently or unintentionally disclosed information in the course of the litigation unless determined by the Court or designated Magistrate Judge not to be protected information; and

*[Remainder of Page Intentionally Left Blank]*

(c) Any dispute between the parties with respect to the privileged or protected status of disclosed information will be handled in the same manner as if the inadvertently or unintentionally disclosed information had been withheld or redacted, and declared as such on a privilege log.

IT IS SO ORDERED this 22d day of April, 2019.

_____
Judge Richard J. Leon
United States District Court Judge

AGREED UPON BY:

**GOLDBERG KOHN LTD.**

By: /s/ Matthew K. Organ (with consent)
David J. Chizewer
Matthew K. Organ
Meredith S. Kirshenbaum
Takayuki Ono
55 East Monroe Street – Suite 3300
Chicago, IL 60603
Tel: (312) 201-4000
Fax: (312) 332-2196

**MAYER BROWN LLP**

By: /s/ David F. Dowd
Andrew J. Pincus (D.C. Bar No. 370762)
David F. Dowd (D.C. Bar No. 441170)
Paul W. Hughes (D.C. Bar No. 997235)
1999 K Street, Northwest
Washington, DC 20006
Tel: (202) 263-3000
Fax: (202) 263-3300
*Attorneys for Defendants*

**PHILLIPS & COHEN LLP**

By: /s/ Colette G. Matzzie (with consent)
Colette G. Matzzie (D.C. Bar No. 451230)
2000 Massachusetts Avenue, N.W. – Suite 100
Washington, DC 20036
Tel: (202) 833-4567
Fax: (202) 833-1815
*Attorneys for Plaintiff/Relator*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA *et al.*,
*ex rel.* TODD HEATH,

              Plaintiffs/Relator,

v.

AT&T, INC., *et al.*,

              Defendants.

Case No. 11-cv-01897 (RJL)

Judge Richard J. Leon

---

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned has read the STIPULATED PROTECTIVE ORDER entered by the Court in this action on _____, 2019, understands its contents, and agrees to be personally bound by the confidentiality obligations set forth in the Order and to comply with the Order's terms and conditions.

Dated: This \_\_\_ day of _____, 20\_\_.

Name: _____
       (Print or Type)

730310779