**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA.94102-7004
Telephone: (415) 510-4400
Direct: (415) 268-4324
E-Mail Address: Anne.Hartman@doj.ca.gov

June 29, 2026

**VIA ECF**

The Honorable Richard J. Leon
United States District Court
District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Re:   *United States of America et al. ex rel. Heath v. AT&T, Inc. et al.*
        Case No. 11-cv-01897 (RJL)

Dear Judge Leon:

The State of California is a real party in interest in the above-referenced action, as Relator has pleaded claims on behalf of California under the California False Claims Act. Cal. Gov't Code §§12650 et seq. (the "CFCA"). The Attorney General was originally served with the complaint in 2011, and subsequently declined to intervene. (Dkt. 9, March 14, 2012)

The Attorney General of the State of California has been informed by counsel for Relator, in a letter dated May 13, 2026, that Relator and defendants have settled a companion case, *United States ex. rel. Todd Heath v. Wisconsin Bell*, E.D. Wisconsin, Case No. 2:08-cv-00876-LA, and in connection with that settlement, intend to file a Joint Stipulation of Dismissal of this action, requesting an order (1) to dismiss Relator's claims with prejudice, and (2) to dismiss without prejudice the claims on behalf of California (and other government entities).[1] The State of California does not wish to prevent the parties' settlement from moving forward, but submits this letter to object to a particular aspect of the intended voluntary dismissal, and does

---

[1] The Attorney General's notice of declination also requested service of "[a]ny proposal to dismiss, settle, or otherwise terminate this action" as well as "all pleadings, papers and orders" in the action. (Dkt. 9) However, the May 13 letter was the first communication received.

The Honorable Richard J. Leon
June 29, 2026
Page 2

not consent to Relator's voluntary dismissal without prejudice of California's claims on the terms that have been disclosed to the Attorney General.[2]

As the court is aware, this case, alleging claims on behalf of the United States and numerous states including California, was largely stayed while the companion Wisconsin case was litigated. The parties have now agreed to settle the Wisconsin case with $30 million payable to the United States plus $25 million payable to Relator's counsel as attorney fees. The settlement is further conditioned on the voluntary dismissal of Relator's claims in this action, although without any recovery to any state or municipality named in this action.

In light of Relator's recovery of $30 million as to the United States, the Attorney General believes the claims of California may have merit, but will require sufficient time to investigate before making a decision about whether to pursue them through litigation. Were the tolling provisions of 28 USC §1367(d) to apply to this case, the dismissal of the CFCA claim, over which this Court has supplemental jurisdiction, would leave the Attorney General sufficient time to investigate and possibly pursue such a case. However, as the parties are seeking a voluntary dismissal, California has concerns that those tolling provisions would not be applied. In *Holt v. County of Orange*, 91 F.4th 1013 (9th Cir. 2024), the Ninth Circuit held that the tolling provisions of 28 USC §1367(d) do not apply if a claim is voluntarily dismissed. See *Holt*, 91 F.4th at 1020 ("voluntary dismissal of a supplemental state-law claim does not trigger tolling under sec. 1367(d)"). If the *Holt* holding were applied in this case—even though it is not California itself that is seeking a voluntary dismissal—the order approving the voluntary dismissal would prevent the Attorney General from receiving the benefit of §1367(d) tolling and, therefore, could effectively prevent the Attorney General from seeking any recovery for the State of California.

In contrast, dismissal by the Court for one of the grounds enumerated under §1367(c), such as "(3) the district court has dismissed all claims over which it has original jurisdiction" would qualify as an "affirmative decision by the district court" such that the tolling provisions of section 1367(d) apply. *See Holt*, 91 F.4th at 1020.

The Attorney General therefore respectfully objects to the proposed voluntary dismissal as to the claims of California because of the risk that such a voluntary dismissal would effectively deprive the Attorney General of the tolling of the statute of limitations otherwise available under 28 U.S. C. §1367(d). An order that instead dismissed Relator's federal claims based on Relator and defendants' stipulation, and declined to exercise jurisdiction over the remaining state and local law claims, dismissing them without prejudice on that basis under 28

---

[2] The CFCA requires the Attorney General's consent to dismiss claims brought on behalf of the State of California. Cal. Gov. Code §12652(c)(1)("Once filed, the [CFCA] action may be dismissed only with the written consent of the court and the Attorney General [and] no claim for any violation of Section 12651 may be waived or released by any private person, except if the action is part of a court approved settlement . . ."). The Attorney General also has the right to intervene at this point. Cal.Gov. Code sec. 12652(f)(2)(A) (Court to permit intervention after initial declination "if the interest of the state or political subdivision in recovery of the property or funds involved is not being adequately represented by the qui tam plaintiff.") However, it is assumed that this court would decline to exercise jurisdiction over the California claims after dismissal of the federal claims. See, Mem. Op., Dkt. 37, at p. 9 (June 10, 2014).

The Honorable Richard J. Leon
June 29, 2026
Page 3

U.S.C. §13679(c)(3), would resolve the matter before this Court in its entirety and allow the settlement to move forward while preserving the tolling provisions of 28 U.S.C. §1367(d) for the state and local claims.

Respectfully Submitted,

/s/ Anne Hayes Hartman

Anne Hayes Hartman (CA00148)
Deputy Attorney General

For    ROB BONTA
Attorney General

CC:    David J. Chizewer, Counsel for Relator
        david.chizewer@goldbergkohn.com
     Roger A. Lewis, Counsel for Relator
        roger.lewis@goldbergkohn.com
     Colette G. Matzzie, Counsel for Relator
        cmatzzie@phillipsandcohen.com
     Helgi C. Walker, Counsel for Defendants
        hwalker@gibsondunn.com
     Andrew P. LeGrand, Counsel for Defendants
        alegrand@gibsondunn.com
     Andrew J. Pincus, Counsel for Defendants
        apincus@mayerbrown.com

# CERTIFICATE OF SERVICE

Case Name:    **Heath v. Verizon**                         No.    **1:11-cv-01897-RJL**

I hereby certify that on <u>June 29, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**Correspondence regarding Objection by the State of California**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 29, 2026</u>, at San Francisco, California.

|  |  |
|---|---|
| R. Caoile | /s/ R. Caoile |
| Declarant | Signature |

SA2011103031
45128749.doc